```
                           United States Bankruptcy Court
                             Northern District of Ohio
Shopneck, Trustee,
         Plaintiff                                              Adv. Proc. No. 12-01173-pmc
Robinson,
         Defendant          CERTIFICATE OF NOTICE
District/off: 0647-1           User: vdomb                 Page 1 of 2             Date Rcvd: Jan 18, 2013
                               Form ID: pdf977             Total Noticed: 4

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 20, 2013.
aty            +Philip Lamos,    Chapter 13 Trustee's Office,    BP Tower,    200 Public Square, Suite 3860,
                 Cleveland, OH 44114-2322
dft            +Carol Robinson,    3586 Atherstone Rd,    Cleveland Heights, OH 44121-1356
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
ust            +E-mail/Text: ustpregion09.cl.ecf@usdoj.gov Jan 18 2013 22:06:42      Cynthia J. Thayer,
                 US Department of Justice,    201 Superior Avenue,    Suite 441,    Cleveland, OH 44114-1234
pla            +E-mail/PDF: number@trust13.com Jan 18 2013 22:17:48      Craig Shopneck, Trustee,
                 200 Public Square, Ste 3860,    Cleveland, OH 44114-2322
                                                                                               TOTAL: 2

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jan 20, 2013**                    Signature:    *Joseph Speetjens*

District/off: 0647-1         User: vdomb                  Page 2 of 2                  Date Rcvd: Jan 18, 2013
                             Form ID: pdf977              Total Noticed: 4

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 18, 2013 at the address(es) listed below:
NONE.                                                                                                    TOTAL: 0

| | | |
|---|---|---|
| In re: | ) | Case No. 12-14146 |
| | ) | |
| CAROL ROBINSON, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Chief Judge Pat E. Morgenstern-Clarren |
| | ) | |
| | ) | |
| CRAIG SHOPNECK, TRUSTEE, | ) | Adversary Proceeding No. 12-1173 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CAROL ROBINSON, | ) | **MEMORANDUM OF OPINION** |
| | ) | |
| Defendant. | ) | |

Does the filing of twelve unsuccessful bankruptcy cases over fewer than six years without any evidence of a positive change in circumstances warrant prohibiting the debtor from filing again for two years? Or, as the *pro se* debtor Carol Robinson argues, is it her constitutional right to keep filing these cases?

The chapter 13 trustee invokes Bankruptcy Code § 349(a) to support his request that the court impose a two year ban against the debtor filing another case. The debtor opposes the relief, arguing that she has done nothing more than exercise her rights. For the reasons that follow, the court will grant judgment in favor of the chapter 13 trustee and enjoin the debtor from filing any case for two years after the date on which the court enters the judgment reflecting this memorandum of opinion.

## JURISDICTION

Jurisdiction exists under 28 U.S.C. § 1334 and General Order No. 2012-7 entered by the United States District Court for the Northern District of Ohio on April 4, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2), and it is within the court's constitutional authority as analyzed by the United States Supreme Court in *Stern v. Marshall*, 131 S.Ct. 2594 (2011).

## THE DEBTOR'S FILINGS[1]

The debtor filed these cases, starting in 2006:

| Case No./chapter | Status |
| --- | --- |
| 06-13569 chapter 13 filed 8/14/2006 by counsel | Dismissed 12/20/2006 for failure to file plan, schedules, and statements, and failure to appear at show cause hearing. |
| 07-11540 chapter 13 filed 3/12/2007 *pro se* | Dismissed 4/26/2007 for failure to appear at show cause hearing regarding failure to file plan, schedules, and statements, certificate of credit counseling, means test, and exhibit D to Official Form 1; failure to pay filing fee. |
| 07-13320 chapter 13 filed 5/8/2007 *pro se* | Dismissed 6/12/2007 for failure to file matrix/list of creditors and exhibit D, and failure to appear at the meeting of creditors. |

---

[1] The court takes judicial notice of the case dockets and the orders entered in each of the debtor's cases. *See* FED. R. EVID. 201(b)(2) (made applicable by FED. R. BANKR. P. 9017); *Job v. Calder (In re Calder)*, 907 F.2d 953, 955 n. 2 (10th Cir. 1990). The court made similar findings in Case No. 12-14532, docket 31 (memorandum of opinion dated August 13, 2012 dismissing the debtor's chapter 7 case that was filed while this chapter 13 case was pending).

| | |
|---|---|
| 07-14210 chapter 13 filed 6/6/2007<br>*pro se* | Dismissed 7/3/2007 with a 180 day bar against re-filing for failure to pay filing fees and failure to appear at a show cause hearing; at the time of dismissal, show cause pending for failure to file plan, schedules, correct petition, certificate of credit counseling, means test, and exhibit D. |
| 08-18214 chapter 13 filed 10/23/2008<br>*pro se* | Dismissed 11/13/2008 for failure to file exhibit D and failure to appear at the show cause hearing. |
| 09-19290 chapter 13 filed 10/1/2009<br>*pro se* | Dismissed 1/21/2010 for failure to pay filing fees; at time of dismissal show cause pending for failure to file plan, schedules, means test, and statement of financial affairs. |
| 10-14304 chapter 13 filed 5/6/2010<br>*pro se* | Dismissed 6/9/2010 for failure to file plan, schedules, statement of financial affairs, summary of schedules and means test, to pay filing fees, and to appear at the show cause hearing. |
| 10-21142 chapter 13 filed 11/12/2010<br>*pro se* | Dismissed 12/7/2010 with a 180 day bar for failure to pay filing fees; at time of dismissal, show cause pending for failure to file plan, schedules, statements, certificate of credit counseling, exhibit D, and means test. |
| 11-15790 chapter 13 filed 7/1/2011<br>*pro se* | Dismissed 8/30/2011 with a 180 day bar for failure to file plan, provide tax returns, appear at meeting of creditors, make payments for creditors; at time of dismissal, show cause pending for failure to file plan, schedules, statements, means test, and statement of financial affairs. |
| 12-12134 chapter 13 filed 3/22/2012<br>*pro se* | Dismissed 4/3/2012 for failure to pay filing fees and failure to appear at show cause hearing. |
| 12-14146 chapter 13 filed 5/31/2012<br>*pro se* | Dismissed 6/19/2012 for failure to pay filing fees; at time of dismissal, show cause pending for failure to file plan, schedules, statements, correct petition, certificate of credit counseling, and means test. |
| 12-14532 chapter 7 filed 6/18/12<br>*pro se* | Dismissed 8/13/12 on trustee's motion for failure to pay filing fees. |

As part of the order dismissing the last chapter 13 case, the court reserved jurisdiction over this adversary proceeding seeking sanctions against the debtor. On June 4, 2012, the debtor still owed $2,430.00 in filing fees.[2] At the time of trial on the trustee's complaint, she owed $1,599.00.[3] After the trial, she paid an additional $500.00, leaving a balance of $1,099.00.

## THE ISSUE

The issue is whether, having dismissed the debtor's most recent chapter 13 case for cause, the court should impose a two year ban against refiling.

## THE POSITIONS OF THE PARTIES

The trustee's position is that the debtor filed this case in bad faith, the three 180 day bars imposed earlier did not serve their intended purpose, and as a result an injunction should be imposed to prevent the debtor from continuing to burden the trustee, the creditors, and the court with multiple, pointless filings intended only to prevent a state court from evicting the debtor from a house that she does not own.

It is hard to state with clarity what the debtor's explanation is for the multiple filings.[4] The arguments seem to be that Everhome Mortgage Company committed fraud (for which the debtor seeks redress in other courts), that the chapter 13 trustee unfairly focused on her cases, and

---

[2] *See* Case No. 12-14146, docket 9. The current filing fee for a chapter 13 case is $281.00; the chapter 7 fee is $306.00.

[3] Case No. 12-14532, docket 31, at 3.

[4] After the hearing, the debtor filed a document titled Motion to Dismiss that is essentially what she read into the record at the hearing as her explanation for why the injunction should not be entered. Docket 21. The motion is addressed by separate order.

4

that she needs to be able to file more bankruptcy cases so that she can discharge medical bills. She also contends that she thought she did not owe the filing fee on a dismissed case. Having acknowledged that the fees are due, she proposes a payment plan. And broadly, she argues that she has a constitutional right to file as many bankruptcy cases as she wishes.

## THE JANUARY 15, 2013 TRIAL

The chapter 13 trustee presented his case through exhibits[5] and cross-examination of the debtor. The debtor presented her case through her own testimony.

The debtor testified that she inherited a house at 3586 Atherton Road, Cleveland Heights, Ohio when her husband died in September 2004. Following his death, the debtor did not make any payments on the note secured by a mortgage on the residence. Although she claims to own the property, she admits that her name has not been on the title to the property since about 2008.

On May 19, 2008, a third party filed a municipal court complaint seeking a writ of restitution to evict the individuals living in the Atherton Road house, including the debtor. From October 2008 through May 2012, the municipal court issued eight writs; each time the debtor filed another bankruptcy case that stayed the eviction.[6] *See* 11 U.S.C. § 362. As detailed above, this court dismissed each bankruptcy case because the debtor failed to comply with her responsibilities under the Bankruptcy Code. In fact, the debtor did not file a plan in in any of the

---

[5] The court reserved ruling on the admissibility of the trustee's exhibits so that the debtor could explain through her testimony why she opposed their admission. The court now rules that exhibits A through L, N, and Q are admitted into evidence. Exhibits M and O are not admitted because they are not relevant to the issues presently before the court. See FED. R. EVID. 402.

[6] *See* exhibit Q, in combination with the dockets of the bankruptcy cases filed after May 18, 2008 and the debtor's testimony.

5

chapter 13 cases, did not identify her creditors, and did not make any payments to the trustee for distribution to those creditors.

The debtor testified generally that she missed some of the Bankruptcy Court filing and payment dates because she was incarcerated for mortgage fraud and then for violating the terms of her supervised release. She did not recall the dates of her incarceration.

The debtor testified further that she "let" some of her cases be dismissed because the mortgage company told her that it would not negotiate with her while she had a pending case. She also blamed some of the problems on her claim that the "house is in probate" and on her impression that the chapter 13 trustee is–improperly–taking her case "personally."

## DISCUSSION

The court dismissed this case under Bankruptcy Code § 1307(c)(2), finding that the debtor's repeated failure to pay her filing fees established cause to dismiss. With some exceptions, a dismissal is without prejudice to a debtor filing another case. One exception is found in § 109(g) which provides that a court may impose a 180 day bar against refiling if the court finds that the debtor willfully failed to abide by court orders. 11 U.S.C. § 109(g)(1). This court made such a finding in three of the debtor's earlier filings.

If cause exists, a court may also impose a bar against the debtor's refiling for a time exceeding 180 days. 11 U.S.C. § 349(a) and § 105(a). *Dietrich v. Nob-Hill Stadium Props.*, No. 05-2255, 2007 WL 579547 at *5 (6th Cir. Feb. 15, 2007) (unpublished opinion); *Cusano v. Klein (In re Cusano)*, 431 B.R. 726, 737 (B.A.P. 6th Cir. 2010); *In re Grischkan*, 320 B.R. 654, 661 (Bankr. N.D. Ohio 2005). Although cause is not defined, "[a] bankruptcy court's finding of bad faith, or an abuse of the bankruptcy process, particularly in the case of serial filers, is generally

6

considered sufficient cause to impose a bar to refiling for more than 180 days." *In re Mehlhose*, 469 B.R. 694, 712 (Bankr. E.D. Mich. 2012). "While multiple filings are not, in and of themselves, improper or indicative of bad faith, a history of multiple filings and dismissals may be construed as bad faith." *In re Cusano*, 431 B.R. at 735.

Cause undoubtedly exists in this case to impose a two year bar against refiling. The debtor has filed 12 unsuccessful bankruptcy cases in about 6 years: 11 chapter 13 cases and one chapter 7 case. The purpose of a chapter 13 filing is to permit a debtor to reorganize her financial affairs by making regular monthly payments to the chapter 13 trustee that the trustee in turn distributes to creditors according to statute. That did not happen here. Each chapter 13 case was dismissed without any distribution to creditors, and indeed without any list of creditors having been filed or any payments having been made by the debtor to the trustee. The chapter 7 case was dismissed for failure to pay filing fees. In each instance, the debtor obtained the benefit of the automatic stay, thus stopping an eviction action against her relating to a house that she admittedly does not own. Over and over again, the chapter 13 trustee's office has expended effort to administer her cases, to no avail due to the debtor's obstreperous behavior. And each time, creditors have been stymied in any efforts to collect debts owed to them. Along the way, the debtor has repeatedly failed to timely pay the court filing fees. Read together, where a debtor makes repeated filings without prosecuting any of them and fails to show any new circumstances that would justify the filings, the trustee has proven that the debtor acted in bad faith and that her actions are an abuse of the system.

The debtor argues that she is merely exercising her constitutional right to file bankruptcy cases. The bankruptcy system does have its genesis in the United States Constitution, Article I,

7

Section 8[4]. The law creating the bankruptcy system, however, is found in a statute: 11 U.S.C. §§ 1101-1532. Congress set out in that statute the manner in which an individual may participate in the relief offered by the bankruptcy laws. The commonly accepted maxim is that the bankruptcy laws exist to help the honest but unfortunate debtor who, in a time of trouble, seeks to regain her financial footing. There is nothing in those laws that gives a debtor the right to file repeated bankruptcy petitions for an improper purpose and with no intention to follow through on the responsibilities placed upon all debtors. To the contrary, Congress established in Bankruptcy Code § 109 and § 349 that a debtor may be prohibited from invoking bankruptcy's protection in certain situations. One of those situations surely exists here.

## CONCLUSION

For the reasons stated, the court will enter judgment in favor of the chapter 13 trustee barring the debtor from filing a bankruptcy petition under any chapter of the Bankruptcy Code at any time before two years after the date on which the judgment reflecting this opinion is entered.

_____
Pat E. Morgenstern-Clarren
Chief Bankruptcy Judge

8